IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES ex rel. FREDERICK BANKS,<br>                Plaintiff<br><br>   vs.<br><br>ARAMARK CORRECTIONAL SERVICES;<br>ARAMARK CORPORATION; ARAMARK<br>SERVICES MANAGEMENT OF PA. INC.;<br>RAMON RUSTIN; MARY C. RUBIN;<br>DANA PHILLIPS; ALLEGHENY COUNTY<br>CORRECTIONAL HEALTH SERVICES;<br>ALLEGHENY COUNTY HEALTH<br>DEPARTMENT; COUNTY OF<br>ALLEGHENY, PENNSYLVANIA;  and<br>UNKNOWN NAMED POSTMASTER;<br>                Defendants | Civil Action No. 06-1424<br>Judge Gary L. Lancaster/<br>Magistrate Judge Amy Reynolds Hay |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that the complaint be dismissed pursuant to the authority granted courts by the Prison Litigation Reform Act (PLRA) for failure to state a claim upon which relief can be granted.

REPORT

Frederick Banks ("Banks") submitted a motion for leave to proceed in form pauperis, together with his complaint, on October 26, 2006.[1]  His suit is brought "on behalf of the United States" under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733.  Complaint, ¶¶1, 3.  He asserts that the above-named defendants have engaged in multiple schemes to defraud the United

---

[1] Procedurally, the case has languished due in part to Banks' failure previously to inform the Court of a change of address and to provide his inmate account statement.

States government.  Specifically, he charges that the defendants have been engaged in: (1) "The Mail Postage Scheme" through which the defendants overcharge prisoners the cost of mailing items and retain for defendants' own use the difference; (2) "The Inmate Account Scheme" whereby inmate account funds are not released or transferred when prisoners are transferred to other facilities but retained by the defendants; (3) "The US Marshal Contract Commissary Extortion Scheme" whereby the defendants accept federal money to house federal inmates but provide less than adequate care in terms of food and cleaning services, apparently at reduced costs, the savings from which the defendant apparently retain; (4) "The Unlawful Medical Malpractice Scheme" whereby the defendants accept federal money to house and care for inmates but provide substandard medical care to them apparently at reduced costs, the savings from which the defendant apparently retain; and (5) "The Mail Forwarding Deferring of Responsibility Scheme" whereby the defendants do not forward an inmate's mail, which contains money sent by family members and friends or from the inmate's previous institution, but retain said funds.  Complaint, pp. 3-10.  As a result of the defendants' actions, Banks asserts that the defendants have "committed public fraud" against him and submitted false and fraudulent claims to the United States.  Complaint, ¶10 [*sic*, should be 11].  He seeks damages in the sum of $675,000,000.00.  Complaint, ¶11 [*sic*, should be 12].

Banks also includes "Counts 4001-8000 - Negligence," claiming that defendants owed him a duty of care not to overcharge him and not to provide substandard care.  Complaint, pp. 10-11.  Banks seeks $132,000,000.00 in damages on account of this alleged negligence.

*Legal Principles*

In the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major

changes affecting civil actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Here, Banks has been granted IFP status, Dkt. [19], and is a prisoner within the meaning of 28 U.S.C. § 1915.[2] Thus, Section 1915(e)(2) is applicable herein.

Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

---

[2] The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

The PLRA in relevant part also added Section 1915A, entitled "Screening," to Title 28 U.S.C. to provide that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Here, Banks is a prisoner within the meaning of Section 1915A.[3] Banks has sued, inter alia, the Warden of Allegheny County Jail, jail personnel and governmental entities. Thus, Section 1915A Screening is applicable herein. Moreover, under Section 1915A, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim or that is frivolous but the court is required to do so. Nieves v. Dragovich, No. CIV.A.96-6525, 1997 WL 698490, at *8 (E.D. Pa. Nov. 3, 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. S 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted."), aff'd, 175 F.3d 1011 (3d Cir. 1999)(Table).

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) and § 1915A to determine if they fail to state a claim upon which relief can

---

[3] Section 1915A(c) defines the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

4

be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Powell v. Hoover, 956 F.Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii));  Tucker v. Angelone, 954 F.Supp. 134, 135 (E.D. Va.) ("Under  28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'.  This is the familiar standard for a motion to dismiss under  Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and § 1915A and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true.  See  Estelle v. Gamble, 429 U.S. 97 (1976).  However, the court need not accept as true any legal averments or conclusions contained in the complaint. Papasan v. Allain, 478 U.S. 265, 286 (1986); Labovitz v. Washington Times Corp., 172 F.3d 897, 898 (D.C. Cir. 1999).  Dismissal is proper under Rule 12(b)(6) where the court determines that the facts alleged, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law.  See, e.g., Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

Furthermore, because plaintiff is *pro se*, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519 (1972).

***Discussion***

The FCA permits a private individual, called a *qui tam*[4] "relator," to file a civil action against, and recover damages on behalf of the United States from, any person who:

> (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government ... a false or fraudulent claim for payment or approval; (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.

31 U.S.C. §§ 3729(a)(1)-(2), 3730(b)(1), (c)(3); Timson v. Sampson, 518 F.3d 870, 872-73 (11th Cir. 2008). "The purpose of the Act ... is to encourage private individuals who are aware of fraud being perpetrated against the government to bring such information forward." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1237 n. 1 (11th Cir.1999); see also United States ex rel. Kelly v. Boeing Co., 9 F.3d 743, 748 (9th Cir. 1993). If a *qui tam* suit under the FCA succeeds, the relator obtains a percentage of the judgment or settlement and the government receives the remainder. 31 U.S.C. § 3730(d)(1) & (2).

An FCA action brought by a private individual must be brought in the name of the federal government, which, because it "has the primary stake in the suit, ... is empowered to take it over and prosecute it itself." U.S. ex rel. Lu v. Ou, 368 F.3d 773, 774 (7th Cir. 2004); see also 31 U.S.C. § 3730(b)(1); Timson, 518 F.3d at 873. If the government elects not to proceed with the action, then the relator has the right to prosecute the case. 31 U.S.C. § 3730(c)(3); see Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1126 (9th Cir. 2007), cert. denied, 128 S.Ct. 1728 (2008). However, where the government has declined prosecution, while the relator has a stake in the lawsuit, he represents the interests of the United States. U.S. ex rel. Rockefeller v.

---

[4] The shorthand *qui tam* is derived from the Latin phrase "qui tam pro domino rege quam pro se ipso in hac parte sequitur" meaning "who as well for the king as for himself sues in this matter." Black's Law Dictionary 1282 (8th ed.2004).

Westinghouse Elec. Co., 274 F.Supp.2d 10, 16 (D.D.C. 2003); see also Stoner, supra. ("[A] relator bringing a *qui tam* action ... is representing the interests of the government and prosecuting the action on its behalf.") . The United States "is the real party in interest in a qui tam action under the False Claims Act even if it is not controlling the litigation." U.S. ex rel. Walker v. R&F Properties of Lack County, Inc., 433 F.3d 1349, 1359 (11th Cir.2005).

As a general rule, litigants in federal court must be represented by a lawyer admitted to practice before that court unless the individual litigant is permitted to proceed *in propria persona* or *pro se*. Stoner, 502 F.3d at 1126. However, where an individual is permitted to prosecute his case *in propria persona*, "that right is personal to him and, absent some other statutory authorization, [he] has no authority to prosecute an action in federal court on behalf of others than himself." Id.; see also, U.S. ex rel. Rogers v. County of Sacramento, No. 5-03-1658, 2006 WL 1748415, at *1 (E.D. Cal. June 23, 2006)("Of course, as a general rule a pro se litigant cannot represent anyone but himself.").

The FCA is silent on whether a private individual can bring a *qui tam* suit *pro se*. See 31 U.S.C. §§ 3729-3733. While the Third Circuit does not appear to have addressed this issue, those Circuits that have addressed it have recognized that *pro se* relators **cannot** prosecute *qui tam* actions. See Timson, 518 F.3d at 873-74 (11th Circuit); Stoner, 502 F.3d at 1126-1128 (9th Circuit); U.S. ex rel. Lu, 368 F.3d at 775-76 (7th Circuit); U.S. ex rel. Brooks v. Lockheed Martin Corp., 237 Fed.Appx. 802, 803 (4th Cir. 2007); U.S. v. Oran, 190 F.2d 1, 6 (8th Cir. 1951). See also U.S. ex rel. Mergent Services v. Flaherty, No. 05 Civ. 4921, 2006 WL 880044, at *3 (S.D.N.Y. Apr. 6, 2006)("Plaintiff is not an attorney and therefore is not qualified to represent the interests of the United States."); U.S.ex rel. Lang v. Northwestern University, No.

7

04 C 3290, 2005 WL 670612, at *1 (N.D. Ill. 2005)(concluding *pro se* litigants may not pursue *qui tam* action on behalf of government, but are not precluded from bringing a personal action under 3730(h) for retaliation); U.S. ex rel. Fisher v. Network Software Assocs., 377 F.Supp.2d 195, 196-97 (D.D.C. 2005)(holding that plaintiff may not maintain suit as a *qui tam* relator without the assistance of counsel).[5]

The rationale for these decisions rests partially on the general rule that a *pro se* litigant cannot represent anyone but himself. As well, these courts have reasoned that the government is the real party in interest in a *qui tam* action and "[b]ecause the outcome of [a *qui tam* action] could have claim or issue-preclusive effect on the United States, the need for adequate legal representation on behalf of the United States is obviously essential." U.S. ex rel. Mergent Services, 2006 WL 880044, at *2 (internal quotation marks and citation omitted); see also U.S. ex rel. Lu, 368 F.3d at 775-76. In this sense, *qui tam* suits are analogous to class actions suits since the ultimate decree will have a binding effect on all members of the class. Id. Courts have routinely held that "a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action." Caputo v. Fauver, 800 F.Supp. 168, 170 (D.N.J. 1992), aff'd, 995 F.2d 216 (3d Cir. 1993)(Table); Maldonado v. Terhune, 28 F.Supp. 2d 284, 288 (D.N.J. 1998)("Because of the skepticism of a pro se litigant to adequately represent his own rights, Courts should hesitate to allow a lay person to risk the rights of others."); Shaffery v. Winters, 72 F.R.D. 191, 193 (S.D.N.Y. 1976)("pro se litigant who is not an attorney and who labors under the restrictions of incarceration" cannot fairly and adequately represent the class). For those

---

[5] The Court has identified only one case where the relator was permitted to proceed without counsel: United States ex rel. Trice v. Westinghouse, 2000 WL 34024248 (E.D. Wash. Mar. 1, 2000). That decision is not binding on this Court and its reasoning is not persuasive.

same reasons, Banks cannot adequately represent the interests of the United States here.[6]

In deciding that *pro se* litigants cannot prosecute FCA cases, courts have frequently pointed to the language in U.S. v. Onan, 190 F.2d at 6, wherein the court stated, "we do not think that Congress could have intended to authorize a layman to carry on [a *qui tam*] suit as attorney for the United States but must have had in mind that such a suit would be carried on in accordance with the established procedure which requires that only one licensed to practice law may conduct proceedings in court for anyone other than himself." See Safir v. Blackwell, 579 F.2d 742, 745 (2d Cir. 1978); U.S. ex rel. Lu, 368 F.3d at 775; Stoner, 502 F.3d at 1127. We agree.

We find the rationale of the above-mentioned cases to be persuasive. Accordingly, Banks's *qui tam* suit is properly dismissed for failure to state a claim upon which relief can be granted since as a *pro se* prisoner he cannot adequately represent the government's interests in prosecuting the FCA claim; the dismissal being without prejudice to renewal through a duly licensed attorney,[7] or by the United States.[8]

---

[6] The Court's research did not locate any case where a *pro se* prisoner was permitted to prosecute an FCA case.

[7] In another case in this district, Banks claimed to be an attorney, indicating that he was a member of the Native American Bar Association. See Case No. 2:05-cv-781, Dkt. [113]. Banks has presented no evidence to the Court - - in that suit or the instant one - - to demonstrate that he is duly licensed to practice law by any State or Territory of the United States; Banks' statement that he is a member of the Native American Bar Association does not constitute such evidence.

[8] It does not appear that the United States has been given proper notice of this lawsuit. The FCA provides that a copy of any FCA complaint filed by a private person and written disclosure of substantially all material evidence and information that person possesses are to be served on the Government pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. 31 U.S.C. § 3730(b)(2). Further, the complaint is to be filed in camera and must remain under seal for at least 60 days to allow the Government to determine whether to prosecute the action. Id. Although Banks indicates that he served a copy of the complaint on the United States Attorney General in Washington, D.C., see

Having recommended the dismissal of the only federal claims in the lawsuit, it is recommended that the district court decline to exercise supplemental jurisdiction over any state law claim of negligence in this matter. Where all claims over which the district court has original jurisdiction are dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (1995)(citations omitted). Here, considerations of judicial economy, convenience and fairness to the parties weigh in favor of the district court exercising its discretion to refrain from hearing the state law claims since they involve purely matters of state law. Needless decisions of state law are to be avoided as a matter of comity. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726-27 (1966).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections by August 11, 2008 and responses are due seven (7) days thereafter in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

---

Complaint, ¶ 3, there is no evidence that he complied with Rule 4(i), i.e., that he served the Attorney General by registered or certified mail and that he served the United States Attorney for the Western District of Pennsylvania either personally or by registered or certified mail. Nor did Banks move to place the FCA complaint under seal. "[A] pro se prisoner cannot simply name himself a qui tam representative on behalf of the United States without serving a copy of the complaint and written disclosure of substantially all material evidence and information on the Government pursuant to [Rule 4(i)]." Fields v. Schaffer, No. 07-2498, 2007 WL 2892007, at *1 (E.D. Pa. Oct. 3, 2007).

Respectfully submitted,


*/s/ Amy Reynolds Hay*
United States Magistrate Judge


Dated: 24 July, 2008


cc: Hon. Gary L. Lancaster
United States District Judge

Frederick Banks
05711-068
FCC Yazoo City
Unit 2AU
P.O. Box 5000
Yazoo City, MS 39194