UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**FILED**
DEC 15 2009
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

Frederick Banks,
    Plaintiff,

v.

Ronald W. Hayward, Esq, et al;
Aramark Correctional Services, et al;
    Defendants.

Civil Action No: 06-509
06-1424

Judge Gary L. Lancaster
Chief Magistrate Judge Amy Reynolds Hay

Renewed Motion To Vacate PLRA orders; AND Brief in Support of Motion; AND Declaration For Full Refund; AND Notice of Appeal

Frederick Banks, the Plaintiff ("Banks") hereby moves this Honorable Court to vacate the orders finding that he is subject to the filing fee under the Prison Litigation Reform Act ("PLRA") and to grant a full refund. In the orders dated December 2, 2009 the Court stated that "As concerns his request to vacate the order requiring him to pay the filing fee in the first instance, Plaintiff has not provided the Court with Supporting authority." Banks now provides the Supporting authority requested by the Court. Banks cannot afford to pay the fees.

Banks also hereby notifies the Court and the parties that he appeals the order of Court entered on or about December 2, 2009 to the District Judge of the United States District Court for the Western District of Pennsylvania.

### Brief and Declaration

I, Frederick Banks hereby declare under perjury and state as follows;

1. I previously moved the Court to vacate the PLRA order. The Court ~~did~~ ~~requested additional authority~~. I hereby renew my request providing authority of my exemption from the PLRA fee.

2. I am an American Indian and the Federal Bureau of Prisons ("BOP"), a government agency recognizes and classifies me as an American Indian.

3. As an Indian I am exempt from the PLRA filing fee pursuant to 8 USC § 1401(b) which states "the following shall be nationals and citizens of the United States at birth: (b) a person born in the United States to a member of an Indian... or other aboriginal tribe provided, that the granting of citizenship under this subsection shall not in any manner impair or otherwise affect the right of such person to tribal or other property. My rights to my money property are being affected by the PLRA fee because the BOP has a freeze/encumbrance on my inmate account

due to the fee I'm made to pay to this Court for the filing of these cases in violation of 8 USC §1401(b) and my Fifth Amendment Right to Due Process. See Burns v. Pennsylvania Dept of Corrections, 544 F.3d 279 (3rd Cir. 2008)(holding that lien on prisoner's account triggers due process protections).

4. Accordingly, I have met at least one of the three exceptions to the general rule that a statute of general applicability applies to an Indian. Donovan v. Coeur d' Alene Tribal Farm, 751 F.2d 1113, 1116 (9th Cir. 1985)(citing Farris 624 F.2d at 893-94 "There are three exceptions to this principle. A federal statute of general applicability that is silent on the issue of applicability to Indian[s] will not apply to them if ... (3) there is proof "by legislative history' or some other means that Congress intended [the Law] not to apply to Indians ..." In any of these three situations, Congress must expressly apply a statute to Indians before we will hold that it reaches them.") 28 USC § 1915 does not mention the word "Indians." Thus, I am exempt from the statute pursuant to 8 USC §1421(b). See Elk v. Wilkins, 112 US 94, 100 (1884)("General Acts of Congress do not apply to Indians, unless so expressed as to clearly manifest an intention to include them." citing Constitution, art 1, sec 2, 8; Cherokee Nation v. GA, 5 pet 1; Worcester v. GA, 6 pet 515; US v. Rogers, 4 How 567; US v. Holliday, 3 wall 407; The Kansas Indians, 5 wall 737; The New York Indians, 5 wall 761; The Cherokee Tobacco, 11 wall 616; US v. Wuley, 93 US 188; Pennock v. Comrs, 103 US 44; Crow Dog's Case, 109 US 556; Goodell v. Jackson, 20 Johns 693; Hastings v. Farmer, 4 NY. 293. See also Lewellyn v. Colonial Trust Co, 17 F.2d 36, 38 (3d Cir. 1927)(citing Elk and United States v. Rickert, 188 US 432); McCandless v. United States, 25 F.2d 71 (3d Cir. 1928); Lazore v. Commissioner, 11 F.3d 1180, 1189 (3d Cir. 1993).

5. I therefore move the Court to vacate the order that I am subject to the filing fee because 28 USC § 1915 does not apply to an American Indian for the reasons cited above and the statute as applied is unconstitutional and in violation of the Fifth Amendment and the other Constitutional provisions mentioned. The lien on Banks' prisoner account subjects him to an added punishment in violation of the Eighth Amendment and Fifth Amendment and double jeopardy clause. Banks agreed to pay the fee, he did not agree to have his inmate account encumbered or a lien placed on his inmate account. These restrictions violate the contract he signed with the Court and are a constructive breach of that contract. Banks notes that he has not received any receipts from the Clerk of Court relating to the fees paid he requires a current itemized receipt from the Court.
WHEREFORE, the foregoing motion should be granted. The Court should vacate its FLRA order and declare 28 USC § 1915 unconstitutional as applied. Banks should be issued a full refund. The Court should order the clerk to forward the refund to; Federal Bureau of Prisons, Frederick Banks # 05711-068, PO BOX 474701, Des Moines, IA

(2)

50947-0001

(the clerk should put my name and # 05711-068 on the check and envelope d/w it). Finally, the Court should order the BOP to immediately lift the freeze on my inmate account and remove the lien/encumbrance.

Respectfully Submitted,

Frederick Banks
#05711-068, IBL
PO Box 5000
Yazoo City, MS 39194

PLAINTIFF

Certificate of Service

I hereby certify that on this 8th day of December, 2009 I served a true and correct copy of the foregoing Ex parte upon the following by mail delivery:

Robert V. Barth, Jr., Clerk
US District Court
PO Box 1805
Pittsburgh, PA 15230

Frederick Banks

AND NOW, THIS 18th DAY OF Dec 09, IT IS HEREBY ORDERED THAT THE WITHIN MOTION IS DENIED.

GARY L. LANCASTER,
CHIEF UNITED STATES DISTRICT JUDGE

(3)